# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:10CV142-RLV-DSC

| | |
|---|---|
| RUTH G. JACOBS, )<br>      Plaintiff, )<br>) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, )<br>Commissioner of Social )<br>Security Administration, )<br>      Defendant. )<br>) | |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss for Failure to Prosecute [including argument and citation to authorities]" (document #10), filed on January 20, 2012. Plaintiff has not filed a response and the period for filing a response brief has expired.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for disposition.

On September 21, 2010, Plaintiff filed her pro se Complaint, appealing the Commissioner's decision to deny her Application for Disability Insurance ("DI") benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433.

On December 14, 2010, Defendant filed an Answer and the Administrative Transcript.

On December 17, 2010, the Court issued a Scheduling Order which set Plaintiff's deadline for filing a Motion for Summary Judgment and Memorandum in Support for February 18, 2011, nearly twelve months ago. See Document #9.

Plaintiff has not filed a Motion for Summary Judgment, nor requested an extension of time to file such a motion. She has also failed to respond to the pending Motion to Dismiss.

Under these circumstances, where the Plaintiff has wholly failed to prosecute her Social

Security appeal or respond to the instant Motion, dismissal is a necessary and appropriate remedy for the efficient administration of justice. Accord Link v. Wabash Railroad Co., 370 U.S. 626, 630 (1962) (district court may dismiss action for failure to prosecute sua sponte or on motion of opposing party in order to "achieve the orderly and expeditious disposition of cases"); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (holding that courts have the authority to order dismissal of an action for failure to comply with court orders).

## RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion to Dismiss for Failure to Prosecute" (document #10) be **GRANTED** and that the Commissioner's determination be **AFFIRMED.**

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel

for the parties; and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED AND ORDERED**.

Signed: February 7, 2012

David S. Cayer
United States Magistrate Judge